UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY L. OVERHOLT and DIAMOND
CREEK COUNTRY STORE, INC.,

       Plaintiffs,

                                         Case No.  1:14-CV-1216

v.

                                         HON. ROBERT HOLMES BELL

PURINA ANIMAL NUTRITION LLC, d/b/a
LAND O'LAKES PURINA FEED LLC, a
foreign limited liability company, and
DANIEL DEMEYER, an individual,

       Defendants.

_____/

**O P I N I O N**

This matter is before the Court on Plaintiffs' motion for remand.  (ECF No. 9.)  For

the reasons that follow, the motion will be granted.

**I.**

Plaintiffs Mary Overholt and Diamond Creek Country Store, Inc. filed this action

against Purina Animal Nutrition LLC, d/b/a Land O'Lakes Purina Feed LLC ("Purina") and

Daniel DeMeyer in the Circuit Court for St. Joseph County, alleging breach of contract,

fraud, and negligent hiring against Purina, and breach of fiduciary duty and tortious

interference with prospective business opportunity against DeMeyer.  (Compl., ECF No. 1-

1.)  Defendants removed the action to federal court on the basis of diversity of citizenship.

(ECF No. 1.)  Although Defendants acknowledge that Defendant DeMeyer is a resident of

the State of Michigan, Defendants assert that DeMeyer was fraudulently joined, and that his

presence in the action does not destroy diversity.  (Notice of Removal ¶ 12, ECF No. 1.)

Plaintiffs' have moved to remand this action to state court based on their assertion that

DeMeyer was not fraudulently joined.

## II.

"A civil case is properly removed under § 1441(b) where there is complete diversity

of the parties at the time of removal, meaning that 'all parties on one side of the litigation are

of a different citizenship from all parties on the other side of the litigation.'" *Kent State Univ.*

*Bd. of Trustees v. Lexington Ins. Co.*, 512 F. App'x 485, 489 (6th Cir. 2013) (quoting *Coyne*

*v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999)).  The doctrine of fraudulent joinder

is an exception to the complete diversity rule.  "Under the fraudulent joinder rule, courts may

disregard the citizenship of parties against whom there is no 'colorable' cause of action."

*Traver v. Live Nation Worldwide, Inc.*, No. 13-10831, 2013 WL 5913902, at *2 (E.D. Mich.

Oct. 28, 2013).

"The removing party bears the burden of demonstrating fraudulent joinder."

*Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).  "To prove fraudulent

joinder, the removing party must present sufficient evidence that a plaintiff could not have

established a cause of action against non-diverse defendants under state law." *Coyne*, 183

F.3d at 492-93 (citing *Alexander*, 13 F.3d at 949). In reviewing a motion to remand in the

face of fraudulent joinder allegations, courts apply a test "similar to, but more lenient than,

the analysis applicable to a Rule 12(b)(6) motion to dismiss." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012); *see also Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 954 (6th Cir. 2011) (noting that the standard of review is "arguably even more deferential" to the plaintiff than a Rule 12(b)(6) motion).  The court may pierce the pleadings and consider material outside the pleadings, such as affidavits, "for the limited purpose of determining whether there are 'undisputed facts that negate the claim.'" *Id.* (quoting *Walker*, 443 F. App'x at 955-56).  The court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non-removing party.  *Coyne*, 183 F.3d at 493.  All doubts as to the propriety of removal are resolved in favor of remand.  *Id.*  "[I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants," the court must remand the action to state court.  *Id.* "'[T]he question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'"  *Alexander*, 13 F.3d at 949 (quoting *Bobby Jones Garden Apts., Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)).  "The combination of the 'colorable' standard with the requirement that all ambiguities of state law are to be resolved in favor of the non-removing party presents a significant hurdle.  A defendant attempting to prove fraudulent joinder thus faces a particularly heavy burden."  *Kent State*, 512 F. App'x at 489.

## III.

The parties dispute whether Plaintiffs have stated a colorable cause of action against DeMeyer for either breach of fiduciary duty or for tortious interference with prospective business opportunity.

## A.  Breach of Fiduciary Duty

In count 4 of their complaint,[1] Plaintiffs allege that DeMeyer breached his fiduciary

duties to Plaintiffs.

"[A] fiduciary relationship arises from the reposing of faith, confidence, and trust and

the reliance of one on the judgment and advice of another." *Teadt v. Lutheran Church Mo.*

*Synod*, 603 N.W.2d 816, 823 (Mich. Ct. App. 1999) (citing *Vicencio v. Ramirez*, 536 N.W.2d

280, 284 (Mich. Ct. App. 1995)).  "Relief is granted when such position of influence has

been acquired and abused, or when confidence has been reposed and betrayed." *Id.* (citing

*Vicencio*, 536 N.W.2d at 284).

"[W]hether there exists a confidential relationship apart from a well defined fiduciary

category is a question of fact." *Fassihi v. Sommers, Schwartz, Silver, Schwartz & Tyler,*

*P.C.*, 309 N.W.2d 645, 648 (Mich. Ct. App. 1981); *see also Wysong Corp. v. M.I. Indus.*, 412

F. Supp. 2d 612, 632 (E.D. Mich. 2005) ("In the Sixth Circuit there is no rule that a specific

relationship may never be the basis of fiduciary obligations; rather, courts must look to the

actual relationship between the parties."); *see also Mike Vaughn Custom Sports, Inc. v. Piku*,

15 F. Supp. 3d 735, 751 (E.D. Mich. 2014) (holding that a non-employee could be an agent,

and that allegations that the defendants made false representations to the plaintiffs' customers

---

[1]Plaintiffs have filed an amended complaint, but for purposes of their motion to remand, "a court must determine the questions of jurisdiction and fraudulent joinder based on the complaint as it stands at the time of removal." *Curtis v. State Farm Fire & Cas. Co.*, No. 2:14-CV-10934, 2014 WL 3529417, at *2 (E.D. Mich. July 16, 2014); *see also  Coyne*, 183 F.3d at 492 ("[W]e must determine whether complete diversity exists at the time of removal.")

that were designed to promote the defendants' own interests were sufficient to allow an inference of an agency relationship imbued with fiduciary duties); *Vargo v. Sauer*, 576 N.W.2d 656, 666 (Mich. 1998) ("[W]here there is a disputed question of agency, any evidence, either direct or inferential, which tends to establish an agency relationship creates a question of fact for the jury to determine.").

Defendants contend that there could be no fiduciary relationship because the Dealer Agreement between Diamond Creek and Purina expressly provided that their business relationship would not give rise to a fiduciary or agency relationship and that the Dealer Agreement represented the parties' entire agreement. (Compl. Ex. B, Dealer Agrmt. ¶¶ 3, 4, 25.)  In the alternative, Defendants contend that even if a fiduciary relationship existed, there was no breach because the Dealer Agreement did not restrict Purina from appointing other dealers regardless of location, doing business with other businesses, or selling directly to retail customers.  (Dealer Agrmt. ¶ 3.)

Plaintiffs' breach of fiduciary duty claim is against DeMeyer, not Purina.  Plaintiffs have alleged that while DeMeyer was Diamond Creek's Purina sales agent, he actively tried to undermine Diamond Creek's business in favor of his own former Purina distributorship. (Compl. ¶¶ 26-28, 53, 58.) Plaintiffs have alleged that they were not informed of DeMeyer's competing interest in Buchanan Feed. (*Id.* at ¶ 29.) Plaintiffs argue that had Diamond Creek known of DeMeyer's competing business, Diamond Creek would not have shared its confidential business information and business development strategies with him. (Pls.' Br.

6.) Purina has acknowledged that it provided Diamond Creek with continuous assistance to try to improve Diamond Creek's sales, and that Purina's sales specialist would accompany Diamond Creek's representatives on sales calls and make numerous suggestions for Diamond Creek to improve sales.  (Rorabaugh Aff. ¶ 13.)   DeMeyer was one of Purina's sales specialists for the Michigan market.  (*Id.* at ¶ 14.)  DeMeyer has denied being an agent for Diamond Creek, and he has denied diverting any business away from Diamond Creek to Buchanan Feed; however, he has acknowledged that even while employed by Purina, he retained his ownership interest in Buchanan Feed.  (DeMeyer  Aff. ¶¶  4-6.)

Under the lenient and deferential standard applied to motions to remand, the Court is satisfied that there are questions of fact as to whether Plaintiffs reasonably reposed faith, confidence, trust, and reliance in DeMeyer to work for Diamond Creek's benefit, and whether DeMeyer used his position to divert sales from Diamond Creek to his own company. In addition, it is uncertain whether Michigan courts would recognize a breach of a fiduciary relationship under these facts.  Because the Court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non-removing party, *Coyne*, 183 F.3d at 493, the Court finds that Plaintiffs have stated a colorable claim against DeMeyer for breach of fiduciary duty.

## B.  Tortious Interference

In count 3 of their complaint, Plaintiffs allege that Defendant DeMeyer tortiously interfered with prospective contractual relations and/or diverted business opportunities.

6

A claim for tortious interference with business relations arises where the defendant, through improper conduct, causes a third party not to enter into or continue a business relationship. *Winiemko v. Valenti*, 513 N.W.2d 181, 184 (Mich. Ct. App. 1994). The elements of tortious interference with a business relationship or expectancy are:

> the existence of a valid business relationship or expectancy, knowledge of the relationship or expectancy on the part of the defendant, an intentional interference by the defendant inducing or causing a breach or termination of the relationship or expectancy, and resultant damage to the plaintiff.

*Cedroni Ass'n, Inc. v. Tomblinson, Harburn Assoc., Architects & Planners Inc*., 821 N.W.2d 1, 3 (Mich. 2012) (quoting *Dalley v. Dykema Gossett PLLC*, 788 N.W.2d 679, 696 (Mich. Ct. App. 2010)). "Intentional interference 'requires more than just purposeful or knowing behavior on the part of the defendant.'" *Saab Auto. AB v. Gen. Motors Co.*, 770 F.3d 436, 441 (6th Cir. 2014) (quoting *Wausau Underwriters Ins. Co. v. Vulcan Dev., Inc*., 323 F.3d 396, 404 (6th Cir. 2003)). "'[A] plaintiff must also allege that the interference was either (1) a per se wrongful act or (2) a lawful act done with malice and unjustified in law for the purpose of invading the . . . business relationship of another.'" *Id.* (quoting *Wausau*, 323 F.3d at 404).

Defendants contend that Plaintiffs have not stated a colorable claim of tortious interference because they have not identified a single customer allegedly diverted by Defendant DeMeyer.

Plaintiffs are required to state a "colorable" claim, not necessarily a claim that meets the stricter 12(b)(6) pleading requirements under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544

(2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Moreover, Plaintiffs' complaint contains more than simply the elements of the claim and conclusions of law.  Plaintiffs have alleged that Defendant DeMeyer, while acting as Diamond Creek's Purina sales agent, "diverted sales" of Purina animal feed products in the Three Rivers area to Buchanan Feed, a company owned by DeMeyer.  (Compl. ¶¶ 26-28, 51-54.)   For purposes of the lenient pleading standards applied to motions to remand, these factual allegations are sufficiently precise to make out a colorable claim that DeMeyer interfered with a valid business expectancy.

Defendants also contend that Plaintiffs have not stated a colorable claim because they have not alleged any wrongful acts by Defendant DeMeyer.  Defendants note that Purina did not grant Diamond Creek an exclusive sales territory and that it reserved the right to sell to other dealers and directly to customers.  (Rorabaugh Aff. ¶ 9; Dealer Agrmt. ¶ 3.) Defendants further contend that DeMeyer cannot be liable for tortious interference simply for trying to advance his own personal or business interests.  *See Saab*, 770 F.3d at 443 (holding that because GM's statements "were motivated by legitimate business reasons," its actions did not constitute improper motive or interference) (quoting *Mino v. Clio Sch. Dist*., 661 N.W.2d 586, 597 (Mich. Ct. App. 2003)); *Wausau*, 323 F.3d at 404 ("'Where the defendant's actions were motivated by legitimate business reasons, its actions would not constitute improper motive or interference.'") (quoting *BPS Clinical Labs. v. Blue Cross & Blue Shield of Mich*., 552 N.W.2d 919, 925 (Mich. Ct. App. 1996)).

Plaintiffs concede that competition is not normally wrongful, but they contend that

DeMeyer's actions were wrongful because he was Diamond Creeks's sales agent and because he failed to disclose his interest in a competing business.

As noted above, the Court is required to resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non removing party. *See Coyne*, 183 F.3d at 493. Defendants have presented no undisputed facts that negate Plaintiffs' claims against DeMeyer and have not persuaded the Court that Plaintiffs could not establish a cause of action for tortious interference against Defendant DeMeyer under state law.

## III.

For the reasons stated, the Court concludes that Plaintiffs have stated colorable claims under state law against Defendant DeMeyer. Accordingly, the Court does not find that DeMeyer was fraudulently joined. Because DeMeyer is a resident of the state of Michigan, there is not complete diversity between the parties. Plaintiffs' motion to remand will be granted, and this action will be remanded to the Circuit Court for St. Joseph County from which it was removed.

An order consistent with this opinion will be entered.

Dated: <u>April 13, 2015</u>                                  /s/ Robert Holmes Bell
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE